**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

First National Bank Texas,

Plaintiff,

v.

Wells Fargo Bank, N.A., *a national banking association d/b/a* Wells Fargo Funding,

Defendant.

Case No. 26-cv-02243 (LMP/ECW)

**ORDER**

---

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s Unopposed Motion to Seal July 15, 2026 Hearing Transcript (Dkt. 67).

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") seeks to file a redacted, public version of the July 15, 2026 hearing transcript with an individual borrower's name redacted from page 33, line 10; and requests that the unredacted transcript of the July 15, 2026 hearing (Dkt. 63) on Defendant's Motion to Dismiss Plaintiff First National Bank Texas' ("FNBT" or "Plaintiff") Complaint (Dkt. 29) remain under seal. United States District Judge Laura M. Provinzino granted the Motion to Dismiss Plaintiff's Complaint on July 31, 2026. (Dkt. 61.)

## I. LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation modified).

"This right of access is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The Eighth Circuit has identified the following interests that must be addressed in deciding whether to seal a judicial record:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (citation modified). That said, "[a]lthough the court is given . . . supervisory power [over its records], '**only the most compelling reasons can justify non-disclosure of judicial records**.'" *Neal v. Kan. City Star (In re Neal)*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.)*, 422 F.3d 1, 6 (1st Cir. 2005)).

All documents filed involving a "litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021). "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III

judicial power and resultant value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

## II. ANALYSIS

The Court first addresses the strength of the presumption of public access as to the identified portions of the transcript. Here, the transcript related to a hearing on the motion to dismiss and is therefore "integrally involved" in the resolution of the merits of this case creating "a heightened burden to overcome the presumptive right of the public to access to" this document. *Shapco Printing, Inc. v. MKM Importers, Inc.*, No. 21-CV-2155 (PAM/ECW), 2021 WL 4846365, at *2 (D. Minn. Oct. 18, 2021) (citation modified). Moreover, not only does the hearing transcript reflect information filed by the parties for the Court's consideration when deciding the motion, it also reflects Judge Provinzino's thoughts and inquiries related to the merits of the claims. *See N. Am. Sci. Assocs., LLC v. Conforti*, No. 24-CV-287 (JWB/ECW), 2025 WL 692128, at *2 (D. Minn. Mar. 4, 2025) (citing *ARP Wave, LLC v. Salpeter*, No. 18-CV-2046 (PJS/ECW), 2021 WL 406466, at *2 (D. Minn. Feb. 5, 2021)). "Such information is central to the exercise of Article III judicial power, and restricting this information would hinder the public's ability to evaluate the reasonableness and fairness of judicial proceedings and the

merits of the Court's ruling on the" motion to dismiss. *ARP Wave*, 2021 WL 406466, at *2. As such, the Court finds that the transcript of the hearing on motion to dismiss is a judicial record to which a heightened presumption of public access attaches. *See id.*

As set forth above, Plaintiff seeks to file a redacted, public version of the July 15, 2026 hearing transcript (Dkt. 63) with a borrower's name redacted from page 33, line 10; and requests that the unredacted transcript of the hearing remain under seal. (Dkt. 67.)

The Court next addresses the reasons why Wells Fargo seeks sealing. This is a breach of contract and fraud action arising from a dispute over a mortgage loan transaction between FNBT and Wells Fargo. (*See* Dkt. 1.) FNBT filed this action alleging claims related to Wells Fargo's demand for indemnification under the parties' Loan Purchase Agreement and Seller Guide. (*See id.*) Defendant's basis for seeking the redaction of the non-party borrower information is pursuant to the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. §§ 6801-09. (Dkt. 69 at 3-4.) The GLBA provides that a "financial institution may not, directly or through any affiliate, disclose to a nonaffiliated third party any nonpublic personal information" regarding a consumer without certain notices. 15 U.S.C. § 6802(a); *see also* 16 C.F.R. § 313.10.

Based on the heightened presumption of public access to court proceedings attached to a motion addressing the merits of the case and the limited proposed redaction of the non-party borrower's name, which may constitute nonpublic personal information subject to GLBA protection and which does not directly bear on the merits of the motion to dismiss, the Court grants Wells Fargo's unopposed Motion (Dkt. 67) insofar as Wells Fargo seeks redaction of the borrower's name from page 33, line 10 as part of the public

filing of the transcript of the July 15, 2026 hearing on Defendant's motion to dismiss. *See generally Reed v. Chase Home Fin., LLC*, No. Civ. A. 11-0412-WS-C, 2012 WL 4434751, at *4 (S.D. Ala. Sept. 26, 2012) (ordering redacted filings when sealing sought based on GLBA). The unredacted transcript of the hearing at Docket Entry 63 shall remain under seal.

## III. ORDER

Based on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Wells Fargo Bank, N.A.'s Unopposed Motion to Seal July 15, 2026 Hearing Transcript (Dkt. 67) is **GRANTED**;
2. Docket Entry 63 shall remain **SEALED**; and
3. Unless a timely objection to this Order is filed, the parties must make a request within fifteen days of the date of this Order to the court reporter who issued the transcript at Docket Entry 63 to issue a publicly available redacted version of Docket Entry 63 that is consistent with this Order.

DATED: September 23, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge